**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. 1:12-cv-1123

WILLIAM NEWLAND,
PAUL NEWLAND,
JAMES NEWLAND,
CHRISTINE KETTERHAGEN,
ANDREW NEWLAND, and
HERCULES INDUSTRIES, INC.

     Plaintiffs,

v.

SYLVIA M. BURWELL, in her official capacity as
Secretary of the United States Department of Health and Human Services;
THOMAS E. PEREZ, in his official capacity as
Secretary of the United States Department of Labor;
JACOB LEW, in his official capacity as
Secretary of the United States Department of the Treasury;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and
UNITED STATES DEPARTMENT OF THE TREASURY;

     Defendants.

---

PERMANENT INJUNCTION

---

Kane, J.

The Tenth Circuit Court of Appeals affirmed my decision granting Plaintiffs a preliminary injunction barring enforcement of an HHS regulation requiring employer-provided group health plans to cover certain contraceptive drugs and services. Order and Judgment (Doc. 58). The parties agree that a permanent injunction should be entered in favor of Plaintiffs on their RFRA claim, but they disagree as to its scope.

Based on the inherent jurisdictional authority of this court and upon consideration of my July 27, 2012, Order granting Plaintiff's Motion for Preliminary Junction (Doc. 30), the rulings of the Tenth Circuit and the Supreme Court, the parties' reliance on the same factual record in existence on July 27, 2012, the parties' Joint Status Report (Doc. 69), the attached Memorandum Opinion, and the entirety of the pleadings and arguments offered in this case, and for good cause shown,

IT IS ORDERED that judgment is entered in favor of Plaintiffs and against Defendants on Plaintiffs' claim under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb et seq.

IT IS FURTHER ORDERED that Defendants, their employees, agents, and successors in office are permanently ENJOINED from, directly or indirectly, (1) enforcing against Hercules Industries, Inc. ("Hercules") any regulation promulgated or amended pursuant to 42 U.S.C. §§ 300gg-13(a)(4), or otherwise, requiring Hercules to provide health insurance coverage for abortifacients, contraception, sterilization, and related education and counseling to its employees; (2) from applying any penalties, fines, or assessments for noncompliance with any regulation promulgated or amended pursuant to 42 U.S.C. §§ 300gg-13(a)(4), or otherwise, requiring Hercules to provide health insurance coverage for abortifacients, contraception, sterilization and related education and counseling to its employees, including those found in 26 U.S.C. § 4980D and 29 U.S.C. §§ 1132 and 1185d; and (3) from taking any other actions based on noncompliance with any regulation promulgated or amended pursuant to 42 U.S.C. §§ 300gg-13(a)(4), or otherwise, requiring Hercules to provide health insurance coverage for abortifacients, contraception, sterilization and related education and counseling to its employees;

IT IS FURTHER ORDERED that in the event Defendants seek relief or modification of this Permanent Injunction, Defendants must first move this Court to modify or dissolve this

injunction by showing that a significant change either in factual conditions or in law renders continued enforcement of the injunction detrimental to the public interest; and

    IT IS FURTHER ORDERED that any petition by Plaintiffs for attorney fees or costs shall be submitted on or before 45 days (or the next business day if that day falls on a weekend or a court holiday) from the date this judgment is issued.

Dated:  March 16, 2015            BY THE COURT:

                                s/ John L. Kane
                                Senior U.S. District Court Judge